IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE W. WALKER, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:15-cv-359-WHA |
| | ) | |
| POPE, McGLAMRY, KILPATRICK, | ) | (WO) |
| MORRISON & NORWOOD, P.C., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

### I. Introduction

This cause is before the court on Plaintiff George W. Walker's Motion to Remand (Doc. # 11), filed on June 17, 2015.  Also before the court are the Response in Opposition by three of the Defendants (Doc. # 18) and the Plaintiff's Reply thereto (Doc. # 19).  The Plaintiff has also filed a Supplemental Brief in support of the motion (Doc. # 17).  This case, originally filed in the Circuit Court of Lee County, Alabama, was removed to federal court by the three served Defendants on May 26, 2015 (Doc. # 1).  George Walker is a former partner/shareholder in the law firm of Pope, McGlamry, Kilpatrick, Morrison & Norwood, P.C. ("Pope McGlamry").  The three served Defendants, as of the time of removal, are Pope McGlamry, C. Neal Pope ("Pope"), and C. Neal Pope, P.C. ("Pope, P.C.").  Defendants Paul V. Kilpatrick and Michael L. McGlamry were unserved at the time of removal but gave their written consent to the removal effected by the other three Defendants.[1]  (Doc. # 1 at 3 ¶ 7.)

---

[1] This memorandum opinion and order will refer to the three served Defendants collectively as "Defendants" for purposes of simplicity.

The Plaintiff is a citizen of Alabama. Pope McGlamry is a citizen of Georgia, as are the unserved Defendants. Pope and Pope, P.C. are citizens of Alabama. The Defendants removed this case on the basis of federal diversity jurisdiction, alleging that the citizenship of Pope and Pope, P.C. should be disregarded on the basis of fraudulent joinder. The amount in controversy is met. Defendants argue that fraudulent joinder is applicable in this case and therefore both the requisite amount in controversy and complete diversity of citizenship exist. In response to the Defendants' fraudulent joinder argument, the Plaintiff argues that remand is proper because his claims against Pope and Pope, P.C. are individual, not derivative in nature, and because there is a possibility that an Alabama state court would find his Complaint properly states claims against Defendants Pope and Pope, P.C.[2] For the reasons set forth below, the court agrees with the Plaintiff's position and concludes that the Motion to Remand is due to be GRANTED.

## II. Motion to Remand Standard

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Exec. Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983), *cert. denied*, 465 U.S. 1103 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

---

[2] The Plaintiff has also argued that remand is proper because the Notice of Removal cites to 28 U.S.C. § 1331, which provides for removal in federal question cases, instead of 28 U.S.C. § 1332, which provides for removal in federal diversity cases. (Doc. # 11 at 2 ¶ 2.) The Notice of Removal does invoke § 1331 on the first page, but later refers to § 1332 on the second page. (Doc. # 1 at 1, 2 ¶ 4.) Because the court finds remand is warranted due to lack of complete diversity of citizenship, it does not reach the issue of the relevance (or lack thereof) of the Defendants' typographical error.

Because this case was originally filed in state court and removed to federal court, the Defendants bear the burden of proving that federal jurisdiction exists. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

### III. Factual and Procedural Background

The Plaintiff joined the law firm of Defendant Pope McGlamry as a partner in 2011. The firm was then a limited liability partnership, but it converted to a professional corporation (P.C.) in 2012. Defendants Pope, Kilpatrick, and McGlamry are members of the Board of Directors of Pope McGlamry. The Plaintiff's Complaint alleges that payments to Defendant Pope by Pope McGlamry are made through Defendant Pope, P.C. The Shareholder Agreement for the firm, which was signed by Pope on behalf of Pope McGlamry as President, was effective as of December 11, 2012. The Agreement provides that upon events such as shareholder death, termination, or retirement, the firm is required to buy the shareholder's shares. All of the shareholders own 100 shares of stock under the Agreement. The Shareholder Compensation Procedure governs shareholder compensation, and provides a formula based on base compensation and cash flow percentages.

In February 2015, following years of major health issues, the Plaintiff approached Defendant Pope requesting that he be able to withdraw from the firm due to concerns about his health. According to the state court Complaint, Pope told him "that they would work things out" and told him to speak further with Kirk Pope. (Doc. # 1-4 at 5 ¶ 20.) Following several meetings over the next few months, in April the Board of Directors of Pope McGlamry presented a new severance plan to the Plaintiff. The new severance plan would govern the Plaintiff's withdrawal. The Plaintiff's Complaint alleges that the new severance plan "wrongfully and drastically reduced the amount [the Plaintiff] would be paid upon his withdrawal," and that it was "a

complete departure from the firm's previous handling of withdrawing partners/shareholders, and [was] completely lacking in any appraisal of the firm's value." (*Id.* at 6 ¶¶ 21–22.) The Plaintiff has also alleged that the severance plan "was prepared without [his] input, knowledge or consent." (*Id.* at ¶ 21.) According to the Complaint, under the severance plan, the Plaintiff would be paid $300,000, compared to $9,000,000 under the previous Shareholder Compensation Procedure and Shareholder Agreement.

As a result of these events, the Plaintiff filed suit in the Circuit Court of Lee County, Alabama on April 22, 2015. His Complaint alleges claims for: (1) a declaratory judgment that the new severance plan is not applicable to him; (2) breach of contract against Pope McGlamry; (3) oppression/squeeze-out against all of the Defendants; (4) breach of fiduciary duty against all Defendants; and (5) accounting from Pope McGlamry. The three served Defendants filed their Notice of Removal on May 26, 2015, on the grounds that the citizenship of Defendants Pope and Pope, P.C. should be disregarded due to fraudulent joinder. The Plaintiff's Motion to Remand followed on June 17, 2015. On July 6, 2015, the Plaintiff notified the court in a Supplemental Brief (Doc. # 17) that on June 26, 2015, Pope McGlamry sent him a termination letter, which unilaterally declared his date of withdrawal from the firm as June 17, 2015. The Plaintiff received the letter on June 29, 2015.

### IV. Discussion

The Defendants argue that federal diversity jurisdiction exists in this case because the citizenship of Defendants Pope and Pope, P.C. should be disregarded due to fraudulent joinder, and the remaining Defendants have complete diversity of citizenship with the Plaintiff. There is no contention that the court has federal question jurisdiction.

"Except as otherwise expressly provided by Act of Congress," a defendant may remove from state court any civil case that could have originally been brought in federal court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332. "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

If joinder is "fraudulent," then removal may still be appropriate. *Id.* "To establish fraudulent joinder, 'the removing party has the burden of proving [by clear and convincing evidence] that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'" *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (alteration in original) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). In a third situation, joinder may be fraudulent "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs*, 154 F.3d at 1287.

The burden on a defendant alleging fraudulent joinder is "a heavy one." *Crowe*, 113 F.3d at 1538. The standard for fraudulent joinder is not one and the same with the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Stillwell*, 663 F.3d at 1333. The court's function "is not to gauge the sufficiency of the pleadings." *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1284 (11th Cir. 2006). Instead, the "inquiry is more basic: we must decide whether the defendants have proven by clear and convincing evidence that no Alabama court could find this complaint sufficient . . . ." *Id.* Accordingly, the court "must necessarily look to

5

the pleading standards applicable in state court, not the plausibility pleading standards prevailing in federal court." *Stillwell*, 663 F.3d at 1334.  To defeat a claim of fraudulent joinder, the Plaintiff's allegations must be only "sufficient to establish 'even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants.'" *Id.* (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440–41 (11th Cir. 1983)).  In conducting this inquiry, district courts should "evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe*, 113 F.3d at 1538.

The Defendants' arguments in favor of federal diversity jurisdiction hinge entirely on the applicability of fraudulent joinder.  Implicit in their arguments is the admission that both Pope and Pope, P.C. are citizens of Alabama, as is the Plaintiff.  If Pope and Pope, P.C. have been properly joined, then complete diversity of citizenship does not exist.  The remaining Defendants—Pope McGlamry and unserved Defendants Paul V. Kilpatrick and Michael L. McGlamry—are citizens of Georgia.  (Doc. # 1 at 2 ¶ 6, 3 ¶ 7.)

The Defendants argue that both types of fraudulent joinder described in *Stillwell* have occurred here.  They argue the Plaintiff has fraudulently pled jurisdictional facts because Pope, P.C. is "essentially defunct" and is not a shareholder of Pope McGlamry.  (Doc. # 18 at 6.)  The Defendants also argue that notwithstanding the fact that Pope, P.C. is essentially defunct, even if it were operational the fact that Defendant Pope is paid through Pope, P.C. does not render it liable to the Plaintiff on any of his claims.  The Defendants do not cite to any evidence to support their assertion that Pope, P.C. is "essentially defunct."

The Defendants' more detailed and substantial argument falls under the second category of fraudulent joinder described in *Stillwell*—they contend that there is no possibility that the

Plaintiff could establish a cause of action against Defendant Pope or Defendant Pope, P.C. In support of this argument, the Defendants assert that the claims alleged against these Defendants are derivative in nature, and cannot be brought because the Plaintiff has not made the prerequisite demand on Pope McGlamry as required by Ga. Code Ann., § 14–2–742.

In discussing whether fraudulent joinder is present in this case, the court will focus on the oppression/squeeze-out and breach of fiduciary duty claims against Defendant Pope, because it finds that the Defendants have not shown with clear and convincing evidence that there is no possibility that an Alabama court would find that these claims were sufficiently pled. The court need not consider other claims, or claims against Defendant Pope, P.C., because there is no fraudulent joinder if there is "even a possibility that a state court would find that the complaint states a cause of action against *any one* of the resident defendants." *Stillwell*, 663 F.3d at 1334 (emphasis added).

**A. Under Alabama law, an oppression/squeeze-out claim is individual, not derivative, in nature.**

As a general matter, Alabama recognizes a claim for oppression/squeeze-out in situations where "the majority of the shareholders in a close corporation is able to use its right of control to exert pressure upon, i.e., to 'squeeze,' the minority by reducing or eliminating its income." *Brooks v. Hill*, 717 So. 2d 759, 766 (Ala. 1998). The availability of a claim for squeeze-out is unique to the close corporation context, because "corporate governance in a close corporation presents a distinct risk that a controlling shareholder will manipulate the corporate structure to harm minority interests without necessarily harming the corporation itself." *Davis v. Dorsey*, 495 F. Supp. 1162, 1168 (M.D. Ala. 2007) (citing *Brooks*, 717 So. 2d at 765). As the court recognized in *Davis v. Dorsey*, "Alabama courts recognize oppression and squeeze-out as a distinctly individual and direct cause of action." *Id.*; *see also Stallworth v. AmSouth Bank of*

7

*Ala.*, 709 So. 2d 458, 467 (Ala. 1997) ("The exclusion of a minority stockholder in a close corporation from employment or participation in management, and the resulting deprivation of salary for the performance of such duties, is the kind of personalized injury for which an individual shareholder may seek a remedy via a squeezeout action.").

Thus, it is abundantly clear from the case law that under appropriate circumstances, Alabama recognizes an individual claim for squeeze-out. A properly stated claim for oppression or squeeze-out, therefore, does not require a demand on a corporation because it is not a derivative claim. Having determined this issue as a general matter, the court must now turn to the Defendants' fact-specific arguments as to why, in their view, fraudulent joinder is applicable in this case.

**B. The Defendants have not met their heavy burden to show there is no possibility an Alabama state court would find the Plaintiff has properly stated claims against Pope.**

The Defendants have made two distinct arguments as to why the Plaintiff's squeeze-out claim in this case must fail under the fraudulent joinder standard.

First, the Defendants argue that the Plaintiff cannot maintain a claim of oppression or squeeze-out because Pope McGlamry is not a closely held corporation. Specifically, the Defendants note that Georgia has a category of statutory close corporations, and Pope McGlamry does not qualify under the statute because there is no statement that the firm is a close corporation in the articles of incorporation. In response, the Plaintiff argues that Georgia courts do not require a corporation to qualify as closely held under the statute in order for a shareholder to assert a direct action in the close corporation context. For support, the Plaintiff cites *Stoker, et al. v. Bellmeade, LLC, et al.*, which found a direct action proper against a close corporation under certain circumstances, even when that corporation "was not created pursuant to [the Georgia

8

close corporation statute]." 615 S.E. 2d 1, 8 (Ga. Ct. App. 2005) (judgment partially reversed on other grounds). The applicable circumstances for direct actions, according to the *Stoker* decision, are present when "the reasons for the general rule requiring a derivative suit do not apply." *Id.*

Second, the Defendants argue that the Plaintiff cannot maintain a claim of oppression or squeeze-out, or breach of fiduciary duty, because he is not a minority shareholder. They claim that because, as the Plaintiff himself specified in his complaint, all of the Pope McGlamry shareholders hold 100 shares of stock, the Plaintiff is not a minority shareholder and these claims are inapplicable.

In response, the Plaintiff has cited to Georgia case law for the proposition that even where shareholders technically own the same number of shares, some shareholders may be liable to others as "controlling shareholders." For example, the decision in *Monterrey Mexican Restaurant of Wise, Inc. v. Leon* concerned a corporation in which each of three shareholders held 1,000 shares of stock. 638 S.E. 2d 879, 882 (Ga. Ct. App. 2006). Among other claims, the plaintiff alleged a claim of breach of fiduciary duty of fair and equitable treatment of a minority shareholder by his two fellow shareholders. *Id.* In his attempt to defeat the breach of fiduciary duty claim, one of the defendant shareholders argued the claim was not applicable because he "was himself a minority shareholder." *Id.* at 888. The Georgia Court of Appeals found that the argument "ignore[d] the facts of [the] case." The court found that "the uncontradicted evidence shows that [the defendant] held a controlling position among the three shareholders, by virtue of his prior business experience, his current business connections, and his authority as the 'boss.'" *Id.* The court further concluded that because the two shareholders "together controlled the majority of the stock . . . the trier of fact was authorized to find that [the defendant] acted as the

controlling shareholder both before and after seizing [the plaintiff's] stock interest." *Id.* Furthermore, the defendant also owed the plaintiff a fiduciary duty due to his "position as president and director of the Corporation." *Id.*

In support of his arguments that the Defendants in this case have not met their burden, the Plaintiff has cited to Georgia corporate law decisions. The parties have not engaged in detailed briefing on the applicable choice of law rules an Alabama court would apply in this case, but there is some basis to believe Georgia corporate law could apply because Pope McGlamry is a corporation formed under the laws of Georgia. Regardless, the court is cognizant of the Eleventh Circuit's guidance that it "should not weigh the merits of the plaintiff's claims beyond determining whether they are *arguable* under state law, and should resolve uncertainties about state substantive law in the plaintiff's favor." *Kimball v. Better Bus. Bureau of W. Fla.*, No. 13-15286, 2015 WL 3461171, at *1 (11th Cir. June 2, 2015) (emphasis added).

Without engaging in an in-depth analysis of the merits of the Plaintiff's claims in this case, the court notes with regard to the Defendant's fact-specific arguments that the Plaintiff arguably might be able to convince an Alabama court that Georgia corporate law applies, and that Pope McGlamry can qualify as a close corporation for purposes of the oppression or squeeze-out claim due to the factors explained in *Stoker*. Additionally, the Plaintiff might be able to convince an Alabama court that he can be considered a minority shareholder and Defendant Pope can be considered a "controlling shareholder" under *Monterrey* because Defendant Pope, along with the individual Georgia citizen Defendants, is a member of the Pope McGlamry Board of Directors, and signed the Shareholder Agreement as its President. The Complaint also alleges that the Board of Directors adopted the severance plan without a shareholder vote, and without any notice to or input from the Plaintiff himself.

10

The court further notes that Alabama pleading standards are relevant in the fraudulent joinder inquiry.  As discussed above, the court "must necessarily look to the pleading standards applicable in state court, not the plausibility pleading standards prevailing in federal court." *Stillwell*, 663 F.3d at 1334.  Alabama still uses "traditional notice-pleading standards." *Mahone v. R.R. Dawson Bridge Co., LLC*, No. 2:14-CV-99-WHA, 2014 WL 2154223, at *3 (M.D. Ala. May 22, 2014) (Albritton, J.) (citing *Crum v. Johns Manville, Inc.*, 19 So. 3d 208, 212 n.2 (Ala. Civ. App. 2009)).  The purpose of notice pleading in Alabama is "to provide defendants adequate notice of the claims against them." *Ex parte Int'l Ref. & Mfg. Co.*, 972 So. 2d 784, 789 (Ala. 2007).  Considering the relevant law, in this case the court concludes that to show fraudulent joinder is applicable, the Defendants are required to establish by clear and convincing evidence that there is no possibility an Alabama court would find the Plaintiff has satisfied Alabama notice pleading standards.  In light of the arguments and evidence presented, and in light of the "heavy burden" on the Defendants, the court cannot conclude that the Defendants have made the requisite showing.  The Plaintiff's briefing has shown that as a general matter, Alabama courts recognize an individual claim for oppression or squeeze-out in the close corporation context.  The Plaintiff has also set forth case law showing that he has colorable arguments that his claims are sufficiently pled, at least to the extent that his Complaint "provides the defendants adequate notice of the claims against them." *Id.*

Additionally, aside from their legal arguments, the Defendants have not supplied any evidence at all, let alone clear and convincing evidence, sufficient to convince the court that Pope was fraudulently joined in this case.  The court cannot conclude that there is "no possibility" that an Alabama state court would find the Plaintiff has pled a sufficient claim against Pope.  *See Stillwell*, 663 F.3d at 1334–35; *Henderson*, 454 F.3d at 1283.  Therefore,

11

fraudulent joinder is not applicable, and the court lacks diversity jurisdiction in this case.  The Motion to Remand is due to be granted.

### V. Conclusion

For the reasons discussed, it is hereby ORDERED as follows:

1. The Motion to Remand (Doc. # 11) is GRANTED.

2. This case is REMANDED to the Circuit Court of Lee County, Alabama. The clerk is DIRECTED to take appropriate steps to effect the remand.

3. The Defendants' Motion to Dismiss (Doc. # 8) is left for disposition by the state court.

DONE this 7th day of August, 2015.

    /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE